UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM RILEY-EL (#B-03069), | ) |
| Plaintiff, | ) |
| v. | ) No. 13 C 5768 |
| STATE of ILLINOIS, et al., | ) Judge Joan B. Gottschall |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff, William Riley-el, presently in custody at Stateville Correctional Center (hereinafter, "Stateville"), has brought this *pro se* civil rights action pursuant to the Civil Rights Act, 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that he has been subjected to unconstitutional conditions of confinement at Stateville because the drinking water is contaminated, that it made him ill, and that he has been unable to obtain adequate medical care for his ailments. Plaintiff names as Defendants the Director of the Illinois Department of Corrections, Salvador Godinez; the former warden of Stateville, Marcus Hardy; Assistant Warden Edwards; former Medical Director Imhotep Carter; and Joe Sheehy.

Presently before the Court is Defendants Godinez, Hardy, and Sheehy's motion to dismiss Plaintiff's complaint for failure to state a claim [#21]. For the reasons contained in this opinion and order, Defendants' motion is denied.

**I. Legal Standard**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must

"give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Additionally, it is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Put differently, a complaint must contain sufficient factual content "to allow the court 'to draw a reasonable inference that the defendant is liable for the misconduct alleged.'" *Charleston v. Board of Trs. of Univ. of Ill. at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co*., 709 F.3d 662, 665-66 (7th Cir. 2013).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts—as well as any inferences reasonably drawn therefrom—in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp*., 550 U.S. at 563 (*citing Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp*., 550 U.S. at 556.

## II. BACKGROUND

Plaintiff alleges the following facts in his complaint, which are accepted as true for purposes of the motion to dismiss. On January 5, 2012, while incarcerated at Stateville, Plaintiff drank water that was tainted with radium. The water was brown in color, and smelled of sewage or rotten eggs. Although he complained multiple times by way of grievances and letters to Defendants on January 15, 2012 (to Medical Director Carter), January 30, 2012 (to Assistant Warden Edwards), February 5, 2012 (to Warden Hardy), and February 15, 2012 (to Director Godinez), no Defendant intervened and made any changes to improve the water quality at Stateville. Plaintiff alleges that because of the contaminated water, he developed headaches, stomach pains, diarrhea, that the conditions lasted for more than sixteen days, and that exposure to the contaminated water could lead to cancer. Plaintiff was limited in his ability to purchase bottled water to three times a month by Stateville rules, and was forced to drink the contaminated water.

Plaintiff alleges that he requested medical assistance from Med Tech Joe Sheehy, who gave him almag and milk of magnesia but his condition worsened and although Plaintiff wrote letters about his medical issues, he was not provided any further assistance. Plaintiff asserts that at the time he filed suit, the water in his cell continued to come out of the faucet brown and, presumably contaminated.

## III. ANALYSIS

### A. Plaintiff has Sufficiently Stated a Claim for Unconstitutional Conditions of Confinement.

The Constitution requires correctional officials to house Plaintiff under "humane conditions" and to provide him with adequate food and water, among other basic needs. *Sain v.*

*Budz*, No. 05 C 6394, 2006 U.S. Dist. LEXIS 8271, 2006 WL 539351, *2 (N.D. Ill. Mar. 3, 2006) (Conlon, J.), *citing Farmer v. Brennan*, 511 U.S. 825, 832 (1994). There is no question that inmates have a constitutional right to an adequate diet. *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). "The state must provide an inmate with a 'healthy, habitable environment.' This includes providing nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *McRoy v. Aramark Correctional Services, Inc*., 268 Fed. Appx. 479, 482 (7th Cir. 2008), *quoting French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (citations omitted); *Jubeh v. Dart*, No. 11 C 3873, 2011 U.S. Dist. LEXIS 137079, 2011 WL 6010267, *2 (N.D. Ill. Nov. 29, 2011). A denial of drinkable water, even for a few days, may be actionable. *Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011); *see also Truidalle v. Taylor,* Case No. 11 C 1170, 2011 U.S. Dist. LEXIS 148228 *7 (N.D. Ill, December 23, 2011) (Lefkow, J.).

The Eighth Amendment, furthermore, prohibits deliberate indifference to inmates' health and safety. Failure to take reasonable measures in the face of a substantial risk of serious harm violates the Constitution. *Farmer v. Brennan*, 511 U.S. 825, 845 (1994); *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). Prison officials violate an inmate's constitutional rights in conditions-of-confinement cases where the alleged deprivation is "sufficiently serious" (the objective standard) and (2) the officials act with deliberate indifference (the subjective standard). *Farmer*, 511 U.S. at 834; *Lehn v. Holmes*, 364 F.3d 862, 872 (7th Cir. 2004). In the case at bar, the plaintiff's allegations satisfy both prongs.

With regard to the objective standard, a plaintiff must show that the challenged conditions of confinement are objectively so serious as to amount to the denial of a basic human need. *Farmer*, 511 U.S. at 834. In *Robinson v. Page*, 170 F.3d 747, 748 (7th Cir. 1999), an inmate at the Tamms Correctional Center filed a civil rights action charging that there was lead

in the prison's drinking water. The district court dismissed the complaint pursuant to 42 U.S.C. § 1997e(e) based on a lack of physical injury. The U.S. Court of Appeals for the Seventh Circuit reversed the dismissal of that case, ruling that the inmate did not have to show present physical injury to proceed on his lawsuit. Similarly, in *Helling v. McKinney*, 509 U.S. 25, 33 (1993), a case concerning an inmate's exposure to environmental tobacco smoke, the Supreme Court observed:

> This was one of the prison conditions for which the Eighth Amendment required a remedy, even though it was not alleged that the likely harm would occur immediately and even though the possible infection might not affect all of those exposed. We would think that a prison inmate also could successfully complain about demonstrably unsafe drinking water without waiting for an attack of dysentery.

509 U.S. at 33 (emphasis added). "Poisoning the prison water supply or deliberately inducing cancer in a prisoner would be forms of cruel and unusual punishment, and might be even if the harm was probabilistic or future rather than certain and immediate." *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001), *citing Helling*, 509 U.S. at 33-34.

The Court notes, as Plaintiff does in his complaint, that he is not constitutionally entitled to perfectly filtered water. Prison conditions may be "harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997), *citing Farmer, supra*, 511 U.S. at 833-34; *Granville v. Dart*, No. 09 C 2070, 2011 U.S. Dist. LEXIS 25683, 2011 WL 892751, *5 (N.D. Ill. Mar. 11, 2011) (Leinenweber, J.). Substandard living conditions do not necessarily equal unconstitutional conditions. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Turner v. Mil*ler, 301 F.3d 599, 603 (7th Cir. 2002) (citations omitted); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

In *Carroll v. DeTella*, 255 F.3d 470 (7th Cir. 2001), the Court of Appeals for this circuit affirmed summary judgment in connection with an earlier prisoner's claim that the drinking water at Stateville was contaminated with radium in excess of EPA standards. The Court of Appeals observed:

> [F]ailing to provide a maximally safe environment, one completely free from pollution or safety hazards is not [a form of cruel and unusual punishment]. Many Americans live under conditions of exposure to various contaminants. The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans.

*Carroll*, 255 F.3d at 472-73. *Carroll*, however, (1) was decided at the summary judgment stage, on the basis of a more fully developed record, (2) involved fear of heightened cancer risk, as opposed to the concrete injuries the plaintiff in this case claims to have sustained, and (3) is a ten-year-old case. As Defendants acknowledge in their motion, the decision in *Carroll* does not necessarily preclude the instant case.

Further, while Defendants argue that Plaintiff has no evidence connecting his stomach pains and diarrhea to the alleged tainted water, notice pleading and Fed. R. Civ. P. 8(a) merely require that Plaintiff make a short and plain statement putting Defendants on notice of the claim made against them. There is no requirement at this stage of litigation that Plaintiff provide evidence, just that he state a plausible claim, and, construing all well pleaded facts liberally, as the Court must, Plaintiff has stated a claim for unconstitutional conditions of confinement. Accordingly, Defendants' motion to dismiss Plaintiff's claim of unconstitutional conditions of confinement is denied.

      **B.**      **Plaintiff may Proceed on his Claim of Deliberate Indifference.**

Plaintiff has also stated facts suggesting deliberate indifference. For liability to attach, a defendant "must both be aware of the facts from which an inference could be drawn that a

substantial risk of harm exists, and he must also draw that inference." *Farmer*, 511 U.S. at 838; *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). The subjective prong has two subparts: (a) knowledge of the risk, *Brown* at 913, and (b) a disregard of that risk. *Id.* at 916. Although this is a subjective test, it may be proven through circumstantial evidence: "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842 (internal citation omitted). The relevant inquiry is whether correctional officials actually knew about the danger that Plaintiff faced, not whether a reasonable official should have known. *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).

Plaintiff pleads in his complaint that he notified Defendants by correspondence and grievances and that he received no response. A prison official, put on notice of a constitutional violation by a prisoner's communication, may or may not be potentially liable, depending upon whether, among other things, the official had responsibility for correcting the problem, had authority to correct it, or reasonably relied on someone else to do so. *See, e.g., Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)("a prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition"). As Plaintiff has pled that he sent correspondence to Defendants Carter, Edwards, Hardy, and Godinez, and that he filed grievances, liberally construing Plaintiff's pleading as the Court must, the Court finds that Plaintiff has sufficiently pled his claims against these Defendants.

Additionally, because Plaintiff's claim involves "potentially systemic," rather than "clearly localized," constitutional violations, the warden and IDOC director may be held to answer for the alleged problems with contaminated water at Stateville. *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996); *Lieberman v. Budz*, No. 00 C 5652, 2010 U.S. Dist. LEXIS 8068, 2010 WL 369614, *8 (N.D. Ill. Jan. 28, 2010) (Coar, J.). The global nature of the water issues at Stateville justifies an inference of personal involvement on the part of the prison's warden and the director of the Illinois Department of Corrections.

With respect to Defendant Sheehy, Plaintiff claims he got some care, but it was insufficient, and when he tried to procure further care, he was stymied in his attempts. Defendants cite to *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009), in an attempt to innoculate Defendants from liability under the theory that the care was either sufficient, or because Plaintiff received *some* care, the high level administrators are entitled to rely on the care and judgment of medical professionals. However, Plaintiff specifically pleads that the care provided by Sheehy was insufficient and that he received no further care.

Where, as here, Plaintiff informed correctional officials that he was being denied access to the health care unit, those officials may be liable under 42 U.S.C. § 1983 for their purported inaction. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (holding that deliberate indifference to medical needs violates the Eighth Amendment "whether the indifference is manifested by prison doctors in their response to their prisoner's needs or by prison guards in intentionally denying or delaying access to medical care . . . ." (footnotes omitted)); *Reed v. Indiana Dept. of Corrs.*, 30 Fed. Appx. 616, 618 (7th Cir. 2002) ("[Eighth Amendment] protection includes situations where prisoners are denied access to necessary medical care, or where officials excessively delay access to such care.").

Plaintiff faces a high burden: as the case law reflects, neither negligence nor gross negligence implicates the Constitution. *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 518 (7th Cir. 2002) (citations omitted); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). "Deliberate indifference 'is more than negligence and approaches intentional wrongdoing.'" *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006), *quoting Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998). "[T]he corrections officer must have acted with the equivalent of criminal recklessness." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008), *quoting Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). "It is not enough that a reasonable prison official would or should have known that the prisoner was at risk; the official must actually know of and disregard the risk to incur culpability." *Lewis v. Richards*, 107 F.3d 549, 552-53 (7th Cir. 1997) (*citing Farmer*, 511 U.S. at 837-38).

Nevertheless, under the above standards, the Court concludes that the complaint sets forth arguable claims for relief under 42 U.S.C. § 1983. Plaintiff charges, and the Court must accept as true at this stage of the proceedings, that the water at Stateville is unsafe to drink. If Plaintiff can prove that Defendants have subjected him to an unreasonable risk of harm, then he may be entitled to damages and/or injunctive relief.

### IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [#21] is denied. Defendants Godinez, Hardy, and Sheehy shall file their answer within thirty days. A review of the docket reveals that Defendant Edwards was never served with summons and Defendant Carter's summons was returned unserved. Accordingly, the Clerk is directed to issue summons to Defendant Edwards and alias summons to Defendant Carter and the U.S. Marshal is directed to serve them. Plaintiff shall submit the forms necessary for service on Defendants Edwards and Carter to the U.S. Marshal as soon as possible, containing sufficient information to adequately

identify them for purposes of servicing them with the complaint in this case.  This case is set for status on 8/1/2014, 2014 at 9:30 a.m.


Dated: July 10, 2014                                  /s/                    
                                         Joan B. Gottschall
                                         United States District Judge